UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 07-01018-TLM |
| JERRY KYENE PLANTE and ) | |
| THIA RENE PLANTE, ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

**INTRODUCTION**

Jerry and Thia Plante ("Debtors") propose to value United Finance Corporation's ("United") secured claim at "$0.00" in their amended chapter 13 plan. *See* Doc. No. 36 at 6. United objected to confirmation of the amended plan based on the treatment of its secured claim. *See* Doc. Nos. 37. A confirmation hearing was held on May 14, 2008.

The Court continued the matter to June 18, 2008, for an evidentiary hearing but required the parties to submit pre-hearing briefs. *See* Doc. No. 41. After filing their briefs, the parties indicated to the Court that neither evidentiary submissions nor oral argument were desired, and the Court vacated the hearing. Doc. No. 44. For the reasons expressed below, United's objection will be sustained and

MEMORANDUM OF DECISION - 1

confirmation will be denied.

**BACKGROUND AND FACTS**[1]

In October 2006, Debtors borrowed approximately $5,000.00 from United. As part of the loan transaction, Debtors granted United a security interest in their automobile. Debtors defaulted on the note and, in June 2007, United obtained an Oregon state court judgment against Debtors. Later, United obtained a writ of garnishment for the judgment amount. Debtors now contend that United lost its status as a secured creditor by obtaining the pre-petition judgment.

**DISCUSSION AND DISPOSITION**

The parties apparently agree that the security interest at issue is governed by Oregon's version of the Uniform Commercial Code and, more specifically, section 79.0601 of Oregon's Revised Statutes.[2] *See* Doc. Nos. 42, 43. Section 79.0601 provides that, upon a borrower's default, the secured party may "reduce a claim to judgment, foreclose, or otherwise enforce the claim [or] security interest . . . by any available judicial procedure[.]" Or. Rev. Stat. § 79.0601(1). It also provides

---

[1] The parties did not file a stipulation of facts and, as noted, no evidentiary hearing was held. However, the parties did agree to submit the matter on briefs. Debtors represent in their brief that the parties stipulated to the facts as there presented. *See* Doc. No. 42. While United does not make the same representation, United's brief recites the same relevant facts found in Debtors' brief. *See* Doc. No. 43.

[2] The court need not conduct a choice-of-law analysis as the outcome is the same under Oregon or Idaho law. Both states have enacted section 9-601 of the Uniform Commercial Code, *see* Idaho Code § 28-9-601; Or. Rev. Stat. § 79.0601, and neither state otherwise requires United to elect a remedy.

MEMORANDUM OF DECISION - 2

that these enumerated remedies are "cumulative and may be exercised simultaneously." *Id.* § 79.0601(3).

Most courts have construed this language to mean that the secured party may pursue alternate remedies. *See, e.g., Merchs. Recovery Servs., Inc. v. Egbe (In re Egbe)*, 107 B.R. 711, 713 (9th Cir. BAP 1989) (determining that a secured party that obtained a personal judgment against debtor did not lose its status as a secured creditor); *Hill v. Bank of Colo.*, 648 F.2d 1282, 1285-86 (10th Cir. 1981) (holding that a bank does not lose its security interest in collateral after obtaining a personal judgment against the debtor).[3] More to the point, the election-of-remedies doctrine is inapplicable under the Uniform Commercial Code. *See Egbe*, 107 B.R. at 713. Thus, a "secured creditor may take any action or combination of actions until the debt is satisfied, subject to the limitation that the creditor can obtain only one satisfaction of the debt." 68A Am. Jur. 2d *Secured Transactions* § 534 (2008).

Under these principles, a secured creditor does not forego its security interest in collateral when it elects to first obtain a personal judgment against the

---

[3] One contrary decision is *Liberty Loan Corp. v. Wallace (In re Wilson)*, 390 F. Supp. 1121, 1125 (D. Kan. 1975) (holding that because the creditor may assert remedies simultaneously, the res judicata doctrine is activated when the creditor fails to do so). *Wilson*, however, has been criticized and courts within the same jurisdiction have declined to follow it. *See Phillips v. Ball & Hunt Enters., Inc.*, 933 F. Supp. 1290, 1300 (W.D. Va. 1996) (citing *Bank of Okla. v. Fid. State Bank & Trust Co.*, 623 F. Supp. 479, 485 (D. Kan. 1985) ("The UCC clearly preserves for a secured creditor a variety of recourses after default, in addition to those otherwise available through judicial process . . . .")).

MEMORANDUM OF DECISION - 3

borrowers. In *Egbe*, for example, the creditor obtained a money judgment in state court after the debtor defaulted on a car loan. 107 B.R. at 711. The debtor subsequently filed a Chapter 13 bankruptcy petition and listed the debt as unsecured. *Id.* The *Egbe* panel determined that the pre-petition money judgment did not deprive the creditor of its secured status in the Chapter 13 proceeding. *Id.* at 713. *See also, Snake River Equip. Co. v. Christensen*, 691 P.2d 787, 790-91 (Idaho Ct. App. 1984) (creditor did not lose security interest in collateral by first pursuing money judgment against borrower).

A caveat exists in that states may override the Uniform Commercial Code's cumulative-remedies provision by affirmatively requiring secured creditors to elect a remedy. For example, in *In re Maldonado*, 46 B.R. 497, 498 (9th Cir. BAP 1984), the debtor purchased carpeting from a creditor. The contract was covered by California's Unruh Act (a consumer-protection statute) that forces creditors to make a binding election – they can either pursue the collateral *or* obtain a money judgment. *See* Cal. Civ. Code § 1812.2. Consequently, when the creditor pursued a money judgment, it lost its security interest in the carpet, notwithstanding contrary provisions in California's commercial code. 46 B.R. at 498.

Here, Debtors have not identified any applicable Oregon state law that displaces the cumulative-remedies provision. Further, Oregon's Vehicle Code provides that "the rights and remedies of all persons" in vehicles subject to a

MEMORANDUM OF DECISION - 4

security interest perfected under Oregon law "are determined by the provisions of the Uniform Commercial Code." Or. Rev. Stat. § 803.100.

Finally, Debtors' citation to *Stoltz Realty Co. v. Raphael*, 458 A.2d 21 (Del. 1983) is clearly distinguishable. Significantly, *Stoltz* did not deal with the Uniform Commercial Code. Rather, in that case, plaintiff Stoltz first convinced Bugher to arbitrate a dispute, but after losing the arbitration, Stoltz filed a lawsuit to recover essentially the same debt. *See id.* at 22. Not surprisingly, the court foreclosed the inconsistent election of remedies. *See id.* at 23 ("[P]rinciples of fairness and estoppel dictate that Bugher, who reluctantly arbitrated the dispute with Stoltz at the latter's urging, should not twice be required to litigate . . . .").

Here, United is not pursuing inconsistent remedies; it is pursuing consistent, cumulative remedies. Such conduct is permitted under Oregon's commercial code.[4]

## CONCLUSION

For the reasons stated, Debtors' attempt to fix United's secured allowed claim at $0.00 is not well taken. The Court will therefore sustain United's

---

[4] Debtors' alternative argument that the money judgment "nullified" the underlying promissory note and therefore "changed the nature of the debt to a judicial lien" (*see* Doc. No. 42 at 2) is also unavailing. This argument is foreclosed by the cumulative-remedies provision found in Oregon Revised Statute § 79.0601 discussed above. *See also* Or. Rev. Stat. § 79.0601 cmt. 6 (commenting that "any judicial lien that the secured party may acquire against the collateral effectively is a continuation of the original security interest (if perfected) and not the acquisition of a new interest").

MEMORANDUM OF DECISION - 5

objection and deny confirmation of Debtors' Amended Chapter 13 Plan, Doc. No. 36.  The Court will enter a separate Order.

DATED:  June 19, 2008



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE